Judge Underwood
delivered the opinion of the Court.
Doss executed his obligation to Cooper, on the 27th January, 1823, for the conveyance of fifty acres of land, on or before the 1st of March, 1825. Cooper not paving paid the purchase money *410 for said land in pursuance of the contract, Doss re» covered two judgments against him, for the residue thereof; both which, Cooper replevied for two years.'
In the winter of 1324-5, Doss, in the presence of Cooper, had a deed prepared, in pursuance of the covenant. It was written in the clerk’s office of Pulaski.- The parties then agreed, verbally, that Doss-should lake the deed with him to Shelbyville, and procure its execution, on the part of Doss’s wife, and then bring or send it to Cooper, at any convenient time; and thereupon, Cooper was to accept it. The deed bears date, 15th. February, 1824. Cooper was put into possession shortly after the contract was made, and there remained, until the land was sold, and purchased by Sallee, as hereafter stated.
On the 13th or 14th of March, 1825, Doss returned to Pulaski, from Shelby, with the deed certified,as having been acknowledged, on the day of its date, by Doss and wife, before the clerk of Shelby; the wife relinquishing her right to dower. The.deed was offered to Cooper, but he declined accepting it, at the time alleging, that Fitzpatrick held Doss’s bond for a title, and that he would get the bond upon the return of Fitzpatrick, (he being then absent from home) .and would then give up Doss’s bond, pay him his money, and accept the deed for a title. The witness who states this, says, when the deed was prepared, and at the time, it was agreed that Doss might take it home with him, to Shelby, that Cooper also agreed “he would take no advantage of the time the deed was lobe made by Doss; that it made no difference whether the conveyance was made by the time mentioned in the obligation or not.”
Fitzpatrick returned on the 14th of March. On the next day, the parties met in Somerset; and Doss again offered the deed to Cooper, who then refused to-accept it, because it had not been tendered, on the day Doss’s obligation required it, and instituted an action of covenant, to recover damages of Doss, for his failure to convey. Doss made no defence to the action, and a judgment was rendered against him,, at. the July term of the Pulaski circuit court, for $25G 75 certs. O i this judgment, an execution issued, and was levied op the land, then in possession of Cooper. *411 which was sold by the sheriff, and bought by Sallee, at the price of $112 50 cents in October, 1825, leav-jng more than half the execution unpaid. assigned the balance, due on the execution to Fitzpatrick, An execution, therefore, was sent to Shelby, and levied on the estate of Doss, who thereupon, filed his bill in chancery, with injunction, suspending the collection of the balance of the judgment; and praying that Cooper might be compelled to accept the title, that the ¡and might be subjected to the payment of the purchase money still unpaid, and for general relief.
Generally, vendor of i* „ ’ cording to hi» title bond, ^obes'caiT not compel vendee to accept deed, on ground that vendee being in possession, has sustained no injury. But, if vendee lull vendor to repose, by declarations, “that he will take no advantage, and that it will malte no difference, if deed is not made on day mentioned in bond, he will he compelled to accept deed, after the (lay.
*411 Doss'took rio security for the purchase money on selling the land; consequently he retained a lien on the land to secure it. On the day of sale, of the land, made in virtue of the execution in favor of Cqoper, against Doss, the sheriff read aloud, a notice which Doss had given him in writing, apprising him of the lien, which Doss claimed on the land, to secure the payment of the balance of the purchase money, for which, according to the notice, executions were then in the hands of the sheriff unsatisfied; also, making known to the sheriff^ what the record likewise proves, that the execution, under which the sheriff was about to sell the land, issued upon a judgment, obtained against Doss, for failing to convey it; and that he, Doss, intended to try, to compel Cooper to take the land, upon being made safe, or secured in the amount of the purchase money. Tt is proved that Sallee was present, when the Sheriff read the notice. Independent of this, the whole chain of transactions shews, that Sallee was well acquainted with the situation of the business, between Doss and Copper. The circuit court dissolved the injunction with damages, and dismissed the bill with costs. To reverse the decree, the complainant, Doss, appealed to this court.
As a general rule, the vendor of land, who fails to convey, in pursuance of his title bond, through his own laches, cannot, successfully, apply to a court of chancery, tor a specific performance, after ins .covenant has been violated, upon the ground that his ven-dee being in possession, has sustained no injury. The interference of the chancellor to aid a negligent *412 defaulter, merely because his negligence, has produced no mischief or loss to his vendee, would be to deprive the vendee of a legal right; a thing which ought not to be done “unless it becomes necessary to prevent iniquity.” Cook’s administrators vs. Hardwick, IV. Mon. 500; Caldwell’s heirs vs. White, IV. Mon. 567; Oldham vs. Woods, III. Mon. 48. But according to these authorites, chancery will relieve against a judgment obtained by the vendee against a vendor for his failure to convey, upon a case properly made out, and thereupon will compel the vendee to accept a conveyance, and injoin his judgment, perpetually.
■ What constitutes a proper case for this relief, - and whether the present is one of that discription, is therefore, the first necessary inquiry.
As chancery will not interfere, but to prevent iniquity, it may be said that whenever iniquity can be. prevented, it would be, in general, proper to interfere. Thus, where the vendee remains in possession, sustaining no material injury from delay in procuring title, and greatly impairs the value of the land by the manner of using it; and the vendor acfs-ptompUy with a view to secure and make the title to the .vendee, as was the case of Cook vs. Hendrick, the chancellor will compéí a specific execution on the application of the vendor. In Cotton vs. Ward, and vice versa, III. Mon. 513, it is said, “where a contract for the conveyance is merely executory, and a time fixed for the conveyonce to be made, if there be a delay beyond that time, in completing the title, which has leen occasioned by the fault of the vendor, the purchaser will not, in general, be compelled to accept a title.” But even in a case where the state of tke'tille occasions the delay, and not the negligence of the vendor, and the time of the performance is not of the essence of the contract, equity will compel a purchaser' to accept the title. Time will be allowed, to perfect the title. How would it be, where all the difficulties are produced from theactsof the vendee,anxious to lull the vendor to repose, so that be might get an advantage? Surely, in that case, the vendee ought not to profit by his own improper conduct; and the chancellor, when necessary, should interpose, to prevent it.
*413 Now, wbat are the facts here? Doss had the com-píete legal title, and prepared a deed, and could have passed the title to Cooper, before the 1st of 1825, and might, thereafter, have procured the relinquishment of his wife’s right to dower. Why did he not do it? Because, Cooper agreed he might take the deed home with him, and that he would take no advantage, if it were not made by the day. Shall he now, in violaton of this agreement, take an advantage, when he was in full possession, when no injury is shewn to result from the delay of thirteen or fourteen days, after the title should have been vested in him, before it was tendered, and when he had hot instituted his suit, at the time of the tender.? We think he should not. He has acted in bad faith, to lull his vendor, who seems in good faith, to have desired making the title, and has acted with reasonable diligence, after being assured, that it would make no difference whether it was made on the 1st of March, or not. Cooper ought, therefore, to be compelled to accept the title.
The propriety of such a decree, seems not to be doubted, in respect to Cooper; but it is intended that Sallee, who bought the land, under Cooper’s execution, is to be viewed in a more favorable light. It was Cooper’s duty to accept the title when offered to him. This refusal, rendered all his subsequent conduct, in bringing suit, giving ont execution, and causing it to be levied on the land, against conscience. Sallee, according to the evidence, knew all the facts. He was expressly notified on the day of the sale that Doss had tendered a deed to Cóoper. That deed was lodged in the clerk’s office, for Cooper, He was also notified, that Doss intended to look to the land, to secure the purchase money. With a knowledge, on the part of Sallee, of Cooper’s, nnconscientious proceedings, we cannot regard him in a more favorable attitude, than we do Cooper, so far as Doss is concerned. Besides, from all the facts exhibited, thfere is reason to believe that Sallee is the mere friend of Cooper, and not the bona fide purchaser, under Cooper’s execution.. But, conceding him to a be bona fide purchaser, still, Doss should.hot be affected by it. It might, possibly, giye Sallee a right in equity, *414 upon the confirmation of the title, in the hands of Cooper, to require of him to surrender the title to Sallee. Such a course might seem to be correct, if Sallee be a purchaser in good faith, and Cooper by his improper conduct has induced Sallee to make the purchase. It would at least be proper, if Sallee has paid Cooper the amount of the sale bond, to require Cooper to repay it, or convey to Sallee, the land. But as Cooper and Sallee, seem to be united against Doss, and Sallee has asked nothing against Cooper, we shall leave the transaction to be settled between them, hereafter, according to the principles of equity, when either shall think proper, to institute suit for the purpose. Whether Saliee or Cooper shall ultimately hold the land, cannot affect Doss’s right to relief, against Cooper’s judgment.
Crittenden, for appellant; Cunningham, for appellee.
In respect to the claim of Fitzpatrick as assignee of the residue of Cooper’s judgment, it can avail nothing against Doss. Fitzpatrick took it, subject to all the equity which Doss had against Cpoper, and as already shewn, Doss’s equity must prevail against Cooper; it must likewise prevail against Fitzpatrick, in whose favor, under the prayer, in his answer, it would have been proper to render a decree against Cooper, for the amount assigned to Fitzpatrick, if the latter had made his answer a cross bill, and served the former with process.
The decree of the circuit court is reversed, and the cause remanded, with directions to perpetuate the injunction, and to subject the land to the payment of Doss’s judgments, against Cooper, if they have not been paid; and in other respects,to proceed in conformity to this opinion.
The appellant must recover his costs.